| | | |
|---|---|---|
| STEVEN NOFFSINGER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 916 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | Magistrate Judge Geraldine Soat Brown |
| THE VALSPAR CORPORATION, a | ) | |
| Delaware Corporation, d/b/a C&M | ) | |
| COATINGS and d/b/a VALSPAR | ) | |
| INDUSTRIAL, and ENGINEERED | ) | |
| POLYMER SOLUTIONS, INC., d/b/a | ) | |
| VALSPAR COATINGS, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

Before the court is Plaintiff's Motion for Leave to Supplement Rule 26(a)(2)(B) Disclosure of Thomas H. Milby, M.D. Pursuant to Rule 26(e). [Dkt 162.] That motion is essentially an attempt to work around the previous ruling by this court regarding plaintiff Steven Noffsinger's proposed disclosure of Dr. Karin Pacheco as an expert witness under Federal Rule of Civil Procedure 26(a)(2)(B). (*See* Mem. Op. & Order, Jan. 3, 2011.) [Dkt 123.] Accordingly, the motion is denied.

### Background

On March 22, 2010, the deadline for Noffsinger to disclose expert witnesses, Noffsinger disclosed Dr. Thomas Milby as an expert witness pursuant to Federal Rule of Civil Procedure

26(a)(2)(B). Noffsinger subsequently served disclosures naming Dr. Karin Pacheco as a both a treating physician witness and as a rebuttal expert. (*See* Jan. 3, 2011 Op. at 2.) Defendants' motion to strike Dr. Pacheco as a witness was granted in part and denied without prejudice in part. After considering briefs by both sides, this court ruled that Dr. Pacheco could not testify as a Rule 26(a)(2)(B) witness, whether on rebuttal or as part of Noffsinger's case in chief, and that if Dr. Pacheco is permitted to testify as a Rule 26(a)(2)(A) witness, her testimony will be limited to her treatment and diagnosis, and she may not testify to causation. (Jan. 3, 2011 Op. at 14.) Noffsinger's objections to that ruling were overruled by the District Judge. (Order, March 24, 2011.) [Dkt 154.]

Now, more than a year after the deadline for Noffsinger's disclosure of expert witnesses, Noffsinger seeks to "supplement" Dr. Milby's disclosures to include his evaluation of test results done by Dr. Pacheco in July 2010, as well as the test results themselves and Dr. Pacheco's treatment notes. (Pl.'s Mot, Ex. E.) As defendants observe, the timing of Noffsinger's proposed supplementation is suspect. Dr. Pacheco performed the tests in July 2010, and her summary of the results is dated August 4, 2010. (Pl.'s Mot., Ex. E., attachment 1.) But Dr. Milby's Supplemental Disclosure is dated April 14, 2011, eight months later but only three weeks after the District Judge overruled Noffsinger's objections to the January 3, 2011 Opinion.

**Discussion**

Noffsinger's motion frames his proposed disclosure as a supplement of his Rule 26(a)(2)(B) disclosure "pursuant to Rule 26(e)." (Pl.'s Mot. at 1.) Federal Rule of Civil Procedure 26(e)(1)(A) requires a party who has made a disclosure under Rule 26(a) to supplement or correct its disclosure in a timely manner if the party learns that in some material respect the disclosure or response is

incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to expert witnesses, a party's duty to supplement extends both to information included in the expert's report and the expert's deposition. Fed. R. Civ. P. 26(e)(2).

Noffsinger mistakenly construes the *obligation* to supplement as a *license* to bolster Dr. Milby's report and opinions with additional tests that Dr. Milby did *not* administer and upon which his expert report served on March 22, 2010 did *not* rely. The court has already ruled that Dr. Pacheco's conclusions as to causation cannot be admitted because they were untimely Rule 26(b)(2)(B) opinions. Because Dr. Pacheco cannot testify pursuant to Rule 26(a)(2)(B) as a retained expert, materials she prepared cannot come in by the back door as a "supplementation" to bolster the Rule 26(a)(2)(B) report of the previously-disclosed expert. If a party were permitted to "supplement" its expert's report with additional material prepared by a different – and excluded – retained expert after the fact, the deadlines for expert disclosures would be meaningless. *See, e.g., Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 630-31 (E.D.N.C. 2008) (collecting cases and stating that "[s]upplementation, however, is not a license to amend an expert report to avoid summary judgment").

The complication here again, as it was in the January 3, 2011 Opinion, is Dr. Pacheco's ambiguous position in this case. Much of Noffsinger's reply brief is devoted to arguing that Noffsinger went to Dr. Pacheco for treatment purposes and not for litigation. (*See* Pl's Reply at 2-3.) [Dkt 167.] Notably, this court's January 3, 2011 Opinion and the District Judge's ruling left open *the possibility* that Dr. Pacheco might be able to testify as a treating doctor, if her deposition testimony demonstrates that she is, in fact, treating Noffsinger. Contrary to Noffsinger's statement,

the court has not "ruled that Dr. Pacheco can testify at trial as a treating physician." (Pl.'s Reply at 4.) The status of Dr. Pacheco's proposed testimony is still undetermined. Her deposition was scheduled for May 19, 2011. (Pl.'s Mot. ¶ 6.) It remains to be seen whether Dr. Pacheco will be allowed to testify as Noffsinger's treating physician. Whether and to what extent the results of tests that Dr. Pacheco administered in July 2010 will be admissible if she herself testifies as a treating doctor is not the subject of this motion. In any event, her testimony will be limited to her treatment and diagnosis of Noffsinger, and will not include testimony about causation. (Order, March 24, 2011 at 2.)[1]

Plaintiff's motion to supplement Dr. Milby's expert disclosure is denied.


**IT IS SO ORDERED.**


_Geraldine Soat Brown_
Geraldine Soat Brown
United States Magistrate Judge


June 17, 2011

---

[1]Noffsinger also argues that Dr. Pacheco's records can come into evidence even if she is not permitted to testify. That question, which relates to the admissibility of evidence at trial, is not at issue in the present motion.

4