IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS--EASTERN DIVISION

| | |
|---|---|
| STEVEN NOFFSINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09 CV 916 |
| ) | |
| ) | Judge Robert W. Gettleman |
| THE VALSPAR CORPORATION, a Delaware ) | |
| Corporation, d/b/a C&M COATINGS and d/b/a ) | Magistrate Judge Geraldine |
| VALSPAR INDUSTRIAL, and ENGINEERED ) | Soat Brown |
| POLYMER SOLUTIONS, INC., d/b/a ) | |
| VALSPAR COATINGS, a Delaware Corporation, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO BAR SUPPLEMENTATION OF RULE 26(a)(2)(B) DISCLOSURES OF DR. MICHAEL GREENBERG, DR. JAMES WEDNER, AND JOEL COHEN**

Plaintiff, STEVEN NOFFSINGER, by his attorneys, David A. Axelrod, Robert A. Cohen, and Jason M. Kleinman, submits herewith his Reply in Support of Motion to Bar Supplementation of Rule 26(a)(2)(B) Disclosures of Dr. Michael Greenberg, Dr. James Wedner, and Joel Cohen.

**REPLY**

**I.      Defendants' Proposed Disclosures Have Not Been Timely Made Prior to the Court-Ordered Close of Discovery.**

Defendants, The Valspar Corporation and Engineered Polymer Solutions, Inc. ("Defendants"), have failed to comply with this Court's discovery deadline. They should be barred from supplementing their Rule 26(a)(2)(B) disclosures because discovery is closed.

In their zeal to raise trial-related arguments and impugn Noffsinger, Defendants completely miss the point of Noffsinger's Motion to Bar Supplementation. Defendants ignored Judge Gettleman's discovery deadlines. The undisputed history of this matter, which is set forth in Noffsinger's Motion, is as follows.

- Discovery, including all expert discovery, was closed by Order of Judge Gettleman as of December 29, 2010;

- On June 30, 2011, seven months after discovery had closed, Defendants filed a Motion to Exclude Testimony From Plaintiff's Expert Witnesses and for Summary Judgment. On March 15, 2012, this Court entered an Order denying Defendants' <u>Daubert</u> Motions and accompanying request for summary judgment (See Order dated March 15, 2012, a copy of which is attached as Exhibit A);

- On April 18, 2012, Judge Gettleman held a status conference. At that time, counsel for Defendants requested the opportunity to conduct certain discovery in order to determine Noffsinger's condition since discovery had closed approximately one year earlier. As a result, Judge Gettleman entered an Order re-opening discovery until July 30, 2012 (See Order dated April 18, 2012, a copy of which is attached as Exhibit B);

- On May 21, 2012, Defendants took Noffsinger's supplemental deposition. During his supplemental deposition, Noffsinger testified that he had used "electronic cigarettes" since May 2007. On June 12, 2012, Defendants took the supplemental deposition of Noffsigner's pulmonologist, Dr. James Tita, in Toledo, Ohio. Dr. Tita, informed of Noffsinger's use of electronic cigarettes, reaffirmed his RADS diagnosis (Copies of the relevant portions of the Noffsinger Supplemental Deposition and the Tita Supplemental Deposition are attached to the Motion to Bar Supplementation as Exhibits B and C respectively);

- On Friday, July 27, 2012, just one business day before extended discovery was set to close, Defendants' counsel wrote a letter to Noffsinger's counsel indicating a unilateral decision to "update" three of their experts' Rule 26(a)(2)(B) disclosures. (A copy of the July 27, 2012 letter from Terri Bruksch to David Axelrod, is attached as Exhibit E to Noffsinger's Motion.) The July 27, 2012 letter was sent over two months following the supplemental deposition of Noffsinger and seven weeks after the supplemental deposition of Dr. Tita. Valspar never sought leave of court to supplement its experts' disclosures, nor did Valspar seek to enlarge the time for discovery to do so; and

- As of the date of filing of this Reply, September 4, 2012, discovery has been closed for approximately five (5) weeks. Defendants have still not disclosed the proposed supplemental opinions.

Expert information submitted following a discovery deadline is automatically barred. Federal Rules of Civil Procedure, Rule 37(c); <u>Reese v. Herbert</u>, 527 F.3d 1253, 1265 (11th Cir. 2008) (expert affidavit disclosed seven weeks after discovery deadline); <u>Wegener v. Johnson</u>, 527 F.3d

687, 691 (8th Cir. 2008); see also, Wright, Miller, Kane and Marcus, Federal Practice & Procedure, Section 2289.1, Automatic Exclusion of Undisclosed Information. This Court has strictly enforced the expert disclosure deadlines in this case. If the rules are to be followed by Noffsinger, they must also be obeyed by Defendants as well.

Defendants have offered no excuse as to why they waited over two months following Noffsinger's supplemental deposition, and over seven weeks following Dr. Tita's deposition, to commence the supplementation process. In fact, Defendants have not addressed the issue in any manner. Judge Gettleman set a discovery deadline and the simple fact is that Defendants have failed to comply with that deadline. The obvious sanction is to bar Defendants from making the supplemental disclosure.[1]

## II. Defendants Rely Pointlessly on Untrue Accusations of Dishonesty, Which Have Nothing to Do with Defendants' Attempt to Circumvent Discovery Deadlines and Disclosure Orders.

Much of Defendants' Response is taken up with assertions that Noffsinger was dishonest in his prior testimony with respect to electronic cigarette use, the focus of Defendants' proposed supplementation. Defendants are wrong. It is true that on October 8, 2009 Noffsinger testified that he had not smoked cigarettes since May 2007, and also testified that he had not used smokeless tobacco products. October 8, 2007 Deposition of Steven Noffsinger ("Noffsinger Dep."), p. 48 (attached as Exhibit D to Defendants' Response to this Motion). However, it is not true that Mr.

---

[1] Defendants appear confident that they can advance their experts' new opinions at trial regardless of whether this Court permits supplementation in the issue of use of e-cigarettes. Whether they can or not depends on Judge Gettleman's trial rulings. The only issue pending before this Court is whether Defendants should be permitted to conduct discovery after the discovery closing date set by Judge Gettleman.

-3-

Noffsinger testified on May 21, 2012, or at any other time, that he had smoked cigarettes (or used smokeless tobacco) prior to his October 2009 deposition.

It is untrue that Mr. Noffsinger misled Defendants regarding use of electronic cigarettes. Until May 21, 2012, Mr. Noffsinger was not asked regarding the use of electronic cigarettes. Defendants complain that information was withheld from them when they asked about "smoking" in 2009. The product as to which Noffsinger testified in 2012 may be called an "electronic cigarette," no doubt for marketing purposes, but it in no way resembles a cigarette and does not involve combustion, burning, or "smoking" of any kind. On May 21, 2012, Noffsigner testified that the "Ecigared" product he uses (a) delivers flavored water vapor, and (b) does not contain tobacco or nicotine. May 21, 2012 Supplemental Deposition of Steven Noffsinger ("Noffsinger Supp. Dep."), pp. 122-123 (a copy of the pertinent part of the Noffsinger Supp. Dep. is attached as Exhibit B to Noffsinger's Motion). Mr. Noffsinger's use of the Ecigared product is not "smoking," and nothing was withheld from Defendants in October 2009.

And, Defendants' unfounded complaint that Noffsinger failed to disclose Ecigared use would be, even if true, irrelevant. Defendants' accusations comprise a smokescreen for Defendants' deliberately untimely, unilateral attempt to supplement Dr. Greenberg, Dr. Wedner, and Mr. Cohen's previous disclosures. Defendants provide no explanation for why they waited until the very end of the extended discovery period to give unilateral notice of their attempt to supplement. Rather, Defendants assert that they were not required to give any notice at all, and could unilaterally supplement their expert disclosures without court permission. Response, pp. 5-6. Defendants claim that their July 27, 2012 letter was a "courtesy," although it was a dubious one given that it left Noffsinger no opportunity to take any action within the discovery period. Response, pp. 2, 5.

Defendants are wrong, and by their own words demonstrate that they were required to work within the framework established by Judge Gettleman's discovery deadline. In the July 27, 2012 letter, Defendants made it clear that they were seeking Rule 26(e) supplementation, which supplementation would not happen within the time that discovery was still open:

> "We have provided Valspar's expert witnesses—Joel Cohen, Michael Greenberg, M.D., and James Wedner, M.D.—with transcripts of Mr. Noffsinger's most recent deposition. We expect these witnesses to update their prior opinions and reports to reflect Mr. Noffsinger's new testimony about his cigarette smoking and his use of electronic cigarettes. We anticipate they will provide <u>supplemental reports</u> in the next thirty days."

Exhibit E to Motion, emphasis added. In their Response, Defendants retreated from their characterization of the new disclosure as supplementation. Now, Defendants assert that the proposed "updates" are not supplemental disclosures at all, but rather responses to new evidence <u>that Defendants may offer at trial without leave of Court</u>. Response, pp. 5-6.

Valspar's argument is that it is free to allow its experts to supplement their disclosures at trial, without leave of court. For this proposition, Valspar cites <u>Maine Human Rights Commission v. Sunbury</u>, 770 F.Supp.2d 381, 489) (D. Maine). The Court in <u>Sunbury</u>, without citation to authority, ruled that when an expert specifically discloses that the originally disclosed opinion would be supplemented with facts submitted in evidence at trial, and the new opinion is merely a refinement of the old one, supplementation at trial would be permitted. Even without considering that the law of this case is strict adherence to Rule 37(c), <u>Sunbury</u> does not apply for three additional reasons.

First, the experts in question did not reserve the right to rely on evidence submitted at trial. Second, <u>Sunbury</u> is contrary to the rulings from the law from the United States Court of Appeals which adopts a strict rule of exclusion, except where the disclosing party can demonstrate an

absence of prejudice. See, e.g., Compania Administradora de Recuperacion de Activos Administraora de Fondos de Inversion Sociedad Anonima v. Titan International, Inc., 533 F.3d 555, 561 (7th Cir. 2008) Third, Noffsigner has been prejudiced in this instance because Valspar waited until the very end of the extended discovery period to make their disclosure. As Valspar admits, Noffsinger has had no opportunity to review and consider the proposed supplementation of Valspar's experts' opinions. By waiting until the last minute, Valspar deprived Noffsinger of the opportunity to cross examine Valspar's experts on any new opinion they might offer. Valspar could easily have made its disclosures in enough time to give Noffsinger the opportunity to cross-examine and supplement his own disclosures. Valspar chose not to do that.

Defendants had over two months to seek permission to supplement their disclosures. Defendants do not in any way address the fact that they waited until the very end of the extended discovery period to disclose their intent to "supplement" certain expert disclosures. Defendants have ignored this fact, and have ignored this Court's previous rulings. This Court has already entered Orders restricting the potential testimony of Dr. Pacheco and has denied Noffsinger's request to supplement the opinions of Dr. Milby (which, unlike the current situation, was attempted by seeking the approval of this Court). Defendants' failure to seek court permission to supplement is dispositive. In light of above rulings in Defendants' favor, no one should know better than Defendants how seriously this Court takes discovery and expert disclosure deadlines. Now, having twice had the benefit of this Court's strict enforcement of those deadlines, Defendants seek to disregard the July 30, 2012 discovery cut off. However Defendants may characterize the new disclosure, it is the law of this case that they must seek leave of court.[2]

---

[2] Permitting the supplementation would be particularly unfair given the current state of the case. The parties are in the process of preparing the Final Pre-Trial Order, which has been ordered to be submitted to Judge Gettleman by September 6, 2012.

### III. If Defendants Are Permitted to Supplement Discovery, Noffsinger Should Be Permitted to Take Defendants' Experts' Depositions and Supplement His Own Disclosures.

If Defendants are permitted to have expert discovery reopened, then Noffsinger should also be permitted to take Defendants' experts' depositions. Noffsinger should be also permitted to supplement his disclosures on the subject of electronic cigarettes.[3] If Defendants are correct, and unilateral supplementation of expert opinions is permitted under the circumstances, then Noffsinger should be entitled to the benefit of that rule.

### CONCLUSION

For the foregoing reasons, Plaintiff STEVEN NOFFSINGER's Motion to Bar Supplementation of Rule 26(a)(2)(B) Disclosures of Dr. Michael Greenberg, Dr. James Wedner, and Joel Cohen should be granted.

STEVEN NOFFSINGER

By: /s/ David A. Axelrod
One of Plaintiff's Attorneys

David A. Axelrod
Robert A. Cohen
Jason M. Kleinman
David A. Axelrod & Associates, P.C.
20 S. Clark Street, Suite 2200
Chicago, IL 60603
(312) 782-4600

---

[3] Contrary to Defendants' assertion, Noffsinger is not seeking to reopen expert disclosures for any subjects other than those disclosed by Defendants' experts in any supplemental disclosure.