IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS--EASTERN DIVISION

| | |
|---|---|
| STEVEN NOFFSINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09 C 916 |
| ) | |
| ) | Judge Robert W. Gettleman |
| THE VALSPAR CORPORATION, a Delaware ) | |
| Corporation, d/b/a C&M COATINGS and d/b/a ) | Magistrate Judge Geraldine |
| VALSPAR INDUSTRIAL, and ENGINEERED ) | Soat Brown |
| POLYMER SOLUTIONS, INC., d/b/a ) | |
| VALSPAR COATINGS, a Delaware Corporation, ) | |
| ) | |
| Defendants. ) | |

**MOTION *IN LIMINE* NO. 1 TO BAR TESTIMONY OF DR. MICHAEL GREENBERG, DR. JAMES WEDNER, AND JOEL COHEN, OR ANY OTHER OPINION WITNESS, REGARDING USE OF ELECTRONIC CIGARETTES BY PLAINTIFF**

Plaintiff, STEVEN NOFFSINGER, by his attorneys, David A. Axelrod, Robert A. Cohen, and Jason M. Kleinman, for his Motion *in Limine* to Bar Testimony of Dr. Michael Greenberg, Dr. James Wedner, and Joel Cohen, or Any Other Opinion Witness, Regarding Use of Electronic Cigarettes by Plaintiff states as follows.

1. A motion *in limine* is a motion "to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 41 n. 2, 105 S.Ct. 460, 462 (1984). Motions *in limine* may be made before or during trial. Id. The purpose of a motion *in limine* is for the Court to rule on the relevancy and admissibility of evidence prior to the evidence being offered at trial. Id.; Federal Rules of Evidence 104(a).

2. Plaintiff, Steven Noffsinger ("Noffsinger"), has sued The Valspar Corporation ("Valspar"), alleging that he suffered Reactive Airways Dysfunction Syndrome ("RADS") as the result of Valspar's negligence and strict products liability. Specifically, Noffsiger alleges that he suffered respiratory injury when he was exposed to volatile organic compound fumes emanating

from Valspar's Dynaprime paint that leaked from Valspar's defective Dynaprime drum that Valspar loaded into Noffsinger's truck trailer. Noffsinger alleges that he inhaled the Dynaprime fumes while sleeping in the cab of his truck, causing him to contract RADS.

3. It is expected that Valspar will offer testimony or other evidence from its experts Dr. Michael Greenberg ("Greenberg"), Dr. James Wedner ("Wedner"), and Joel Cohen ("Cohen"), or possibly another opinion witness, regarding Noffsinger's use of products known as "electronic cigarettes." (Because Noffsinger testified to the use of the brand "Ecigared," the product will be referred to by that name.) Presently, there is pending before Magistrate Judge Soat-Brown Noffsinger's Motion to Bar Supplementation of the Disclosures of Greenberg, Wedner, and Cohen based on Noffsinger's use fo the Ecigared product.

4. Discovery, including all expert discovery, was closed by this Court as of December 29, 2010. Thereafter, on June 30, 2011, Valspar filed a Motion to Exclude Testimony From Plaintiff's Expert Witnesses and for Summary Judgment. On March 15, 2012, this Court entered an Order denying Valspar's <u>Daubert</u> Motions and accompanying request for summary judgment.

5. On April 18, 2012, this Court held a status conference. At that time, counsel for Valspar requested the opportunity to conduct certain discovery in order to determine Noffsinger's condition since discovery had closed approximately one year earlier. As a result, this Court entered an Order re-opening discovery until July 30, 2012.

6. On May 21, 2012, Valspar took Noffsinger's supplemental deposition. During this deposition, Noffsinger testified that he had used an "electronic cigarette" product known as Ecigareds. On June 8, 2012, Valspar took the deposition of Dr. James Tita, one of Noffsinger's treating physicians, and questioned Dr. Tita regarding Noffsinger's use of the Ecigared product.

7. On Friday, July 27, 2012, just one business day before extended discovery was set to close, Valspar's counsel wrote a letter to Noffsinger's counsel indicating a unilateral decision to "update" three of their experts' Rule 26(a)(2)(B) disclosures:

> "We have provided Valspar's expert witnesses—Joel Cohen, Michael Greenberg, M.D., and James Wedner, M.D.—with transcripts of Mr. Noffsinger's most recent deposition. We expect these witnesses to update their prior opinions and reports to reflect Mr. Noffsinger's new testimony about his cigarette smoking and his use of electronic cigarettes. We anticipate they will provide supplemental reports in the next thirty days."

(A copy of the July 27, 2012 letter from Terri Bruksch to David Axelrod, is attached as Exhibit A.) The July 27, 2012 letter was sent over two months following the supplemental deposition of Noffsinger and over seven weeks following the supplemental deposition of Dr. Tita.

8. When this Court entered its Order re-opening discovery on April 18, 2012, there was nothing in that Order which permitted any further expert discovery. Further, Valspar has not sought leave of this Court to make any sort of "update" or amendment to any of its expert witness disclosures. Instead, Valspar appears to believe that they are permitted to supplement their expert discovery without leave of Court and after the current date for closing discovery. Nonetheless, Valspar has now indicated its unilateral attempt to supplement their expert disclosures, without leave of court, and after the date for closure of discovery.

9. Any such supplementation would be untimely. Untimely disclosure of new expert information is automatically barred. Federal Rules of Civil Procedure, Rule 37(c); Reese v. Herbert, 527 F.3d 1253, 1265 (11th Cir. 2008) (expert affidavit disclosed seven weeks after discovery deadline); Wegener v. Johnson, 527 F.3d 687, 691 (8th Cir. 2008); see also, Wright, Miller, Kane and

Marcus, Federal Practice & Procedure, Section 2289.1, Automatic Exclusion of Undisclosed Information.

      10.    It is expected that Valspar will argue that it is free to allow their experts to supplement their disclosures at trial, without leave of court. For this proposition, Valspar cites Maine Human Rights Commission v. Sunbury, 770 F.Supp.2d 381, 489) (D. Maine). The Court in Sunbury, without citation to authority, ruled that when an expert specifically discloses that the originally disclosed opinion would be supplemented with facts submitted in evidence at trial, and the new opinion is merely a refinement of the old one, supplementation at rial would be permitted. Even without considering that the law of this case is strict adherence to Rule 37(c), Sunbury does not apply for three additional reasons.

      11.    First, the experts in question did not reserve the right to rely on evidence submitted at trial. Second, Sunbury is contrary to the rulings form the law from the United States Court of Appeals which adopt a strict rule of exclusion, except where the disclosing party can demonstrate an absence of prejudice. See, e.g., Compania Administradora de Recuperacion de Activos Administraora de Fondos de Inversion Sociedad Anonima v. Titan International, Inc., 533 F.3d 555, 561 (7th Cir. 2008) Third, Noffsinger has been prejudiced in this instance because Valspar waited until the very end of the extended discovery period to make their disclosure. As Valspar admits, Noffsinger has had no opportunity to review and consider the proposed supplementation of Valspar's experts' opinions. By waiting until the last minute, Valspar deprived Noffsinger of the opportunity to cross examine Valspar's experts on any new opinion they might offer. Valspar could easily have made its disclosures in enough time to give Noffsinger the opportunity to cross-examine and supplement his own disclosures. Valspar chose not to do that.

12. Valspar has offered no excuse as to why they waited over two months following Noffsinger's second deposition, and over seven weeks following Dr. Tita's deposition, to commence the supplementation process. Valspar did not even seek to enlarge the time for discovery. Valspar should not be permitted to introduce new opinions at trial, even if Valspar succeeds in demonstrating that they are "refinements" of original opinions. It is at best ironic that Valspar finds itself in the position of having attempted to untimely supplement an expert witness disclosure. This Court has strictly enforced the expert disclosure deadlines in this case.[1] If the rules are to be followed by Noffsinger, they must be obeyed by Valspar as well.

WHEREFORE, Plaintiff, STEVEN NOFFSINGER, moves this Court for an Order barring any and all opinion testimony relating to his use of electronic cigarettes, and for such other and further relief as this Court may deem just and proper.

                                STEVEN NOFFSINGER

                                By:    /s/ David A. Axelrod
                                     One of his Attorneys

David A. Axelrod
Robert A. Cohen
Jason Kleinman
DAVID A. AXELROD & ASSOCIATES, P.C.
20 S. Clark Street, Suite 2200
Chicago, IL 60603
(312) 782-4600

---

[1] The question of timely disclosure of experts has been thoroughly litigated – at Valspar's behest. See, January 3, 2011 Memorandum Opinion and Order (Dkt. 123) (striking rebuttal witness and limiting testimony on grounds of untimely disclosure); see also, June 17, 2011 (Dkt. 172) (denying Noffsinger right to supplement Rule 26(a)(2)(B) disclosures). This Court overruled Noffsinger's Objections to both of these Orders.