**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS--EASTERN DIVISION**

| | |
|---|---|
| STEVEN NOFFSINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09 CV 916 |
| ) | |
| ) | Judge Robert W. Gettleman |
| THE VALSPAR CORPORATION, a Delaware ) | |
| Corporation, d/b/a C&M COATINGS and d/b/a ) | Magistrate Judge Geraldine |
| VALSPAR INDUSTRIAL, and ENGINEERED ) | Soat Brown |
| POLYMER SOLUTIONS, INC., d/b/a ) | |
| VALSPAR COATINGS, a Delaware Corporation, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO SUBMIT NEWLY PRODUCED EVIDENCE IN SUPPORT OF MOTION TO BAR SUPPLEMENTATION OF RULE 26(a)(2)(B) DISCLOSURES OF DR. MICHAEL GREENBERG, DR. JAMES WEDNER, AND JOEL COHEN**

Plaintiff, STEVEN NOFFSINGER, by his attorneys, David A. Axelrod, Robert A. Cohen, and Jason M. Kleinman, submits herewith his Motion to Submit Newly Produced Evidence Support of Motion to Bar Supplementation of Rule 26(a)(2)(B) Disclosures of Dr. Michael Greenberg, Dr. James Wedner, and Joel Cohen.

1. Plaintiff, Steven Noffsinger ("Noffsinger"), has been unable to breathe normally since his February 17, 2007 exposure to Dynaprime paint manufactured by Defendants. He filed this case on February 12, 2009. The case is presently ready to be set for trial.

2. On July 31, 2012 Noffsinger filed his Motion to Bar Supplementation of Rule 26(a)(2)(B) Disclosures of Dr. Michael Greenberg, Dr. James Wedner, and Joel Cohen with this Court. The Motion sought to bar untimely supplementation of those opinions, as Defendants advised Noffsinger they intended to do on Friday, July 27, 2012, just one business day before extended discovery was set to close:

> "We have provided Valspar's expert witnesses—Joel Cohen, Michael Greenberg, M.D., and James Wedner, M.D.—with transcripts of Mr. Noffsinger's most recent deposition. We expect these witnesses to update their prior opinions and reports to reflect Mr. Noffsinger's new testimony about his cigarette smoking and his use of electronic cigarettes. We anticipate they will provide supplemental reports in the next thirty days."

(A copy of the July 27, 2012 letter from Terri Bruksch to David Axelrod, is attached as Exhibit E to the Motion to Bar.) As set forth in more detail in the Motion to Bar, Defendants deliberately delayed sending the July 27, 2012 letter, waiting over two months following the supplemental deposition of Noffsinger and seven weeks after the supplemental deposition of one of his treating physicians, Dr. Tita, that gave rise to the desire to "supplement."

3. On the date of this filing, September 12, 2012, Defendants acquired for the first time evidence supporting his argument that Defendants could have taken action well within the discovery period, but chose not to. Defendants produced to Noffsinger the invoices for services rendered to Defendants by Joel Cohen, C.I.H., one of the experts whose opinion Defendants wish to supplement. A copy of the group of invoices is attached as Exhibit A. According to the invoices, Mr. Cohen undertook "[r]esearch on e-cigarettes/propylene glycol" on June 4, 2012, two weeks following Noffsinger's May 21, 2012 supplemental deposition and well within the discovery period set by Judge Gettleman. Mr. Cohen's invoices reflect that he prepared a draft report on August 23, 2012, three weeks outside of the discovery deadline.

4. Noffsinger seeks leave to submit this newly-produced evidence because it demonstrates, if not proves, that Defendants consciously decided to delay acting upon new information until after the expiration of the supplemental discovery period established by Judge Gettleman. Mr. Cohen acted on the new information Defendants acquired in supplemental discovery in early June, 2012. As such, Defendants had ample opportunity to take action within the extended

discovery period established by Judge Gettleman. Defendants did not do so, choosing instead to announce a unilateral "supplementation" that they claimed would take place well after that period expired.

5. Because of the clear relevance of Mr. Cohen's invoices, and because they were not available to Noffsinger at the time of his Motion to Bar or his Reply in support, Noffsinger seeks leave to supplement that Motion with the evidence attached as Exhibit A.

WHEREFORE, Plaintiff, STEVEN NOFFSINGER, prays this Court enter an Order allowing him to add the invoices of Joel Cohen attached hereto as evidence in support of his Motion to Bar Supplementation of Rule 26(a)(2)(B) Disclosures of Dr. Michael Greenberg, Dr. James Wedner, and Joel Cohen, and for any such other and further relief as this Court deems just and proper.

STEVEN NOFFSINGER

By: /s/ David A. Axelrod
 One of Plaintiff's Attorneys

David A. Axelrod
Robert A. Cohen
Jason M. Kleinman
David A. Axelrod & Associates, P.C.
20 S. Clark Street, Suite 2200
Chicago, IL  60603
(312) 782-4600