UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN NOFFSINGER, ) | |
| ) | |
| Plaintiff, ) | Case No. 09 C 916 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | Magistrate Judge Geraldine Soat Brown |
| THE VALSPAR CORPORATION, a ) | |
| Delaware Corporation, d/b/a C&M ) | |
| COATINGS and d/b/a VALSPAR ) | |
| INDUSTRIAL, and ENGINEERED ) | |
| POLYMER SOLUTIONS, INC., d/b/a ) | |
| VALSPAR COATINGS, a Delaware ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Geraldine Soat Brown, United States Magistrate Judge

For the reasons discussed below, Plaintiff's Motion to Bar Supplementation of Rule 26(a)(2)(B) Disclosures of Dr. Michael Greenberg, Dr. James Wedner, and Joel Cohen (Pl.'s Mot. Bar) [dkt 226] is denied. Plaintiff's Motion *In Limine* No. 1 to Bar Testimony of Dr. Michael Greenberg, Dr. James Wedner, and Joel Cohen, or Any Other Opinion Witness, Regarding Use of Electronic Cigarettes by Plaintiff (Pl.'s MIL No. 1) [dkt 238] is denied without prejudice.

**BACKGROUND**

Plaintiff Steven Noffsinger alleges that while hauling Dynaprime in February 2007, he was exposed to Dynaprime fumes when a defective drum leaked, and consequently has suffered

1

respiratory problems. (Pl.'s Am. Compl.) [Dkt 49.] Dynaprime is a solvent-based coating made by defendant Valspar Corporation. (*Id*. ¶ 1.)[1] Valspar's expert witnesses believe that Noffsinger's respiratory ailments are not caused by Dynaprime but are caused instead by Noffsinger's history of smoking. (Pl.'s Mot. Bar ¶ 8.)

At his October 8, 2009 deposition, Noffsinger was asked, "When was the last time you smoked a cigarette?" (Defs.' Resp. Bar, Ex. D, Dep. of Steven Noffsinger at 48.) [Dkt 234.] Noffsinger responded "May of 2007." (*Id.*) In May 2010, Valspar disclosed Dr. Michael Greenberg, Dr. James Wedner, and Mr. Joel Cohen as expert witnesses and served their reports pursuant to Fed. R. Civ. P. 26(a)(2)(B). (Defs.' Resp. MIL No. 1 at 4.) [Dkt 342.] Discovery closed on March 31, 2011 [dkt 139], and on June 30, 2011, Valspar moved for summary judgment [dkt 177, 178]. Valspar's motion was denied on March 15, 2012. (Mem. Op. and Order, Mar. 15, 2012.) [Dkt 217.]

On April 18, 2012, discovery was reopened to July 31, 2012 so that Valspar could determine Noffsinger's current condition. [*See* Dkt 220.] At his May 21, 2012 deposition, Noffsinger was again asked, "When did you last smoke cigarettes?" (Defs.' Resp. Bar, Ex. B, Dep. of Steven Noffsinger at 72.) This time he responded, "Real cigarettes or electronic cigarettes?" (*Id.*) He testified that in addition to occasionally having a real cigarette, he had been using electronic cigarettes since May 2007.[2] (*Id.* at 72, 78.) He did not believe that he had informed his physicians of his use of either real or electronic cigarettes. (*Id.* at 76, 78, 83.) On June 12, 2012, Noffsinger's

---

[1] The defendants are collectively referred to herein as "Valspar."

[2] Modeled after regular cigarettes, electronic cigarettes are battery operated devices that vaporize a liquid solution into an inhalable mist. Encyclopedia Britannica Online Academic Edition, *E-cigarette*, http://www.britannica.com/EBchecked/topic/1777841/e-cigarette (last visited Nov. 26, 2012).

physician Dr. James Tita verified that he was unaware that Noffsinger had been using electronic cigarettes. (Defs.' Resp. Bar, Ex. C, Dep. of Dr. James Tita at 42.)

On July 27, 2012, Valspar informed Noffsinger that it had provided its experts with Noffsinger's testimony, and that its experts would be providing supplemental reports reflecting that new testimony in the next 30 days. (Pl.'s Mot. Bar, Ex. E.) That resulted in a flurry of motions by Noffsinger. On July 30, 2012, Noffsinger filed a motion to bar the proposed supplementation. [Dkt 226.] Valspar responded, indicating that any supplementation will be limited to Noffsinger's testimony about his smoking, including his use of e-cigarettes. (Defs.' Resp. Bar at 5.) Noffsinger replied [dkt 236], and also filed a motion *in limine* to bar Valspar's experts from testifying regarding the use of electronic cigarettes [dkt 238], to which Valspar has responded. On September 12, 2012, Noffsinger filed a motion to submit additional evidence in support of his motion to bar supplementation. (Pl.'s Mot. Submit) [Dkt 283.] To that motion, Noffsinger attached invoices that show that Valspar's expert Joel Cohen performed research about e-cigarettes on June 4, 2012, and had prepared a draft supplementary report by August 23. (*Id.*, Ex. A.) The motion to submit additional evidence was granted and Valspar was given an opportunity to respond, which it did. [Dkt 288, 338].

The parties had previously been ordered to submit a proposed pretrial order by September 6, 2012 [dkt 231], and the amended final proposed pretrial order was filed on September 11, 2012 [dkt 281]. In the proposed order, the parties noted that Valspar advised Noffsinger that it intends to supplement its expert disclosures, and that Noffsinger objects. (*Id.* ¶ 2(i)). According to Valspar, it has not yet supplemented its expert reports because it is "awaiting the ruling[s]" on Noffsinger's motions. (Defs.' Resp. MIL No. 1 at 5.) There is currently no trial date set.

**DISCUSSION**

The purpose of an expert report is to give "adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response." *Meyers v. Nat'l R.R. Passenger Corp.,* 619 F.3d 729, 734 (7th Cir. 2010). Among other things, an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Additionally, a party must "supplement or correct its disclosure . . . if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). For an expert who has provided a report under Rule 26(a)(2)(B), as Valspar's experts did, the duty to supplement extends to both information included in the report and to information given in the expert's deposition. Fed. R. Civ. P. 26(e)(2). Supplementation must be done by the time pretrial disclosures are due. *Id.* Pretrial disclosures must be served at least 30 days before trial, or as ordered by the court. Fed. R. Civ. P. 26(a)(3)(B).

If a party fails to disclose supplemental information required by Rule 26(e), the party is not allowed to use that information at trial unless the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Noffsinger makes three arguments why Valspar's experts should not be allowed to supplement their reports or testify at trial regarding Noffsinger's use of electronic cigarettes: (1) Valspar has not requested leave of court to supplement its experts' reports; (2) Valspar purposely delayed supplementation until the end of the supplemental discovery period; and (3) any supplementation under Rule 26(e) is improper because Noffsinger's testimony only bolsters

Valspar's experts' opinions and does not render them inaccurate or incomplete. All of Noffsinger's arguments reflect a misapprehension of the requirements of Rule 26.

I. <u>Leave of court</u>

First, Noffsinger incorrectly posits that Valspar is required to seek leave of court before supplementation. (Pl.'s Mot. Bar ¶ 6.) Supplementation, when required by Rule 26(e), is a *duty*. *See* Fed. R. Civ. P. 26(e) advisory comm. nn. (1993) (referring to "duty" and "obligation" to supplement). Rule 26(e) does not require that a party obtain leave of court before serving a true supplementation. *See Gilbane Bldg. Co. v. Downers Grove Community High,* No. 02 C 2260, 2005 WL 838679 at *7 n. 11 (N.D. Ill. Apr. 5, 2005) (stating that "[l]eave of court is not required before a party may supplement its expert disclosures"). The duty to supplement does not, however, equate to a right to serve an untimely new report or a report revised to solve deficiencies in the original report. *See Gilbane*, 2005 WL 838679 at *8-12 (granting motion to strike replacement expert report and rejecting party's argument that the report was supplementary); *see also Beller ex. rel. Beller* v. *U.S.,* 221 F.R.D. 689, 693-95 (D. N.M. 2003) (striking purported "supplemental" expert report that contained "deeper," "broader" and "different" opinions that were not based on new information).

II. <u>Timing</u>

The District Judge did not explicitly set a date for "pretrial disclosures" (as the term is used in Rule 26(a)(3)(B)). If the due date of the pretrial order, September 6, 2012 is taken as the final date for "pretrial disclosures," Valspar's July 27, 2012 letter stating that its expert disclosures would be updated within 30 days indicates that the supplementary report would be timely. The actual service

5

of the supplementary report was, however, preempted by Noffsinger's motions. Noffsinger's claim that Valspar "consciously decided to delay acting upon new information until after the expiration of the supplemental discovery period" (Pl.'s Mot. Submit ¶ 4), is irrelevant.[3] From the invoices cited by Noffsinger, it appears that Valspar's expert Joel Cohen was preparing the report to meet the September 6 date.

Noffsinger's citations to *Reese v. Hebert*, 527 F.3d 1253 (11th Cir. 2008) and *Wegener v. Johnson*, 527 F.3d 687 (8th Cir. 2008) are inapposite. (Pl.'s MIL No. 1 ¶ 9.) The former case dealt with an untimely initial disclosure of an expert's affidavit (*Reese*, 527 F.3d at 1264-65), and in the latter case there was no dispute that the disclosure occurred after the Rule 26(e) deadline (*Wegener*, 527 F.3d at 690).

III.     The nature of the supplementation

Finally, Noffsinger argues that because Noffsinger's testimony does not render Valspar's experts' opinions regarding the cause of Noffsinger's respiratory ailments incomplete or incorrect under Rule 26(e), any updates to the reports would be impermissible as the updates would only "bolster" and not correct the experts' opinions. (Pl.'s Mot. Bar. ¶¶ 7-9 (citing *Beller*, 221 F.R.D. at 694-95).)

There is some tension between that argument and Noffsinger's second argument (that Valspar's late supplementation deprives Noffsinger of the opportunity to depose Valspar's experts

---

[3] There is some irony in Noffsinger's suggestion that, after he delivered a potentially significant change in his testimony shortly before the final pretrial order was due, Valspar deliberately delayed its response to that information.

on the matter). If Valspar's experts' use of Noffsinger's testimony is so insignificant that no supplementary report is necessary, the fact that Noffsinger has no opportunity to depose them on that topic cannot be prejudicial.

In any event, Noffsinger's argument is flawed. If Valspar's experts intend to base their opinions on Noffsinger's May 2012 testimony about his smoking, including e-cigarette use, Valspar's current expert reports are incomplete because they do not contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

*Beller* does not support Noffsinger's interpretation of Rule 26(e). In that case, the court struck a supplemental disclosure in which the plaintiff's expert offered a new theory of liability once she became aware of documents that had been in the plaintiff's possession at the time the initial report was written. *Beller,* 221 F.R.D. at 691-92. The *Beller* decision demonstrates a principle previously discussed in this case: a party may not abuse Rule 26(e) to subvert discovery deadlines by supplementing its expert reports with entirely new theories or with information that it should have included in the initial reports. (*See* Mem. Op. and Order, Jan. 3, 2011 at 5 [dkt 142.]; Mem. Op. and Order, June 17, 2012 at 2-3 [dkt 172].)

The current situation is different. Here, shortly before the pretrial order was due, Noffsinger made a substantial change in his previous testimony about a matter that is germane to a disputed issue: the cause of Noffsinger's medical condition. Where a party has disclosed new information, the opposing party's experts may supplement their reports. *See, e.g., Wilson v. Sunstrand Corp.*, No. 99 C 6944, 2003 WL 22012673 at *7 (N.D. Ill. 2003) (allowing supplemental disclosure where party and expert obtained new information after submission of original report). To forbid supplementation

7

would produce an unwanted result: parties would be encouraged to hide potentially damaging facts until after the first expert reports are submitted. Because Noffsinger's testimony about smoking, including the use of e-cigarettes, is new information that he recently disclosed, Valspar is allowed to supplement its experts' reports.[4]

## CONCLUSION

For the foregoing reasons, Noffsinger's motion to bar supplementation is denied. Because of Noffsinger's motions, Valspar has not yet supplemented its disclosures. Valspar is given until December 13, 2012 to serve its supplemental disclosures. Noffsinger's motion in limine #1 is denied without prejudice as premature. If after reviewing the disclosures, Noffsinger believes that the supplementation is not proper for a reason other than an argument decided by this opinion, he may file a renewed motion in limine no later than January 3, 2013.

**IT IS SO ORDERED.**

_Geraldine Soat Brown_
Geraldine Soat Brown
United States Magistrate Judge

November 27, 2012

---

[4] With regards to Valspar's expert industrial hygienist Joel Cohen, Noffsinger argues that his testimony regarding his use of e-cigarettes "is not germane to Mr. Cohen's disclosure," and "[t]here is no conceivable application of Noffsinger's new testimony to Mr. Cohen's . . . analysis." (Pl.'s Mot. Bar ¶¶ 8-9.) Because Valspar has not yet provided an updated disclosure from Mr. Cohen, any decision regarding the relevance of Noffsinger's testimony to Mr. Cohen's opinion would be premature.