UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN NOFFSINGER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 916 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | Magistrate Judge Geraldine Soat Brown |
| THE VALSPAR CORPORATION, a | ) | |
| Delaware Corporation, d/b/a C&M | ) | |
| COATINGS and d/b/a VALSPAR | ) | |
| INDUSTRIAL, and ENGINEERED | ) | |
| POLYMER SOLUTIONS, INC., d/b/a | ) | |
| VALSPAR COATINGS, a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable Robert W. Gettleman
United States District Judge

### REPORT AND RECOMMENDATION

Geraldine Soat Brown, United States Magistrate Judge

For the reasons stated below, the court respectfully recommends that plaintiff's Motion *In Limine* No. 5 to Bar Report of William Marscher, P.E. (Pl.'s MIL No. 5) [dkt 263] and plaintiff's Motion *In Limine* No. 6 to Bar Portion of the July 15, 2010 Disclosure of Richard Lynch, Ph.D Based on Report of William Marscher, P.E. (Pl.'s MIL No. 6) [dkt 265] be denied.

### BACKGROUND

Plaintiff Steven Noffsinger alleges that while hauling 55-gallon drums filled with Dynaprime,

he was exposed to Dynaprime as a result of a leak from a cracked, defective drum. (Pl.'s Am. Compl.) [Dkt 49.] Dynaprime is an industrial solvent-based coating made by defendant Valspar Corporation.[1] (*Id.* ¶¶ 1, 8, 9.)

Noffsinger's expert metallurgist Dr. Sheldon Mostovoy has opined that the crack in the drum was caused by a manufacturing defect and that the crack was present and obvious by the time the drum came into Valspar's possession. (Defs.' Resp. MIL No. 6, Ex. A, Rep. Dr. Sheldon Mostovoy at 4.) [Dkt 312.] Because the drum was destroyed prior to litigation, Dr. Mostovoy relied on a finite element analysis ("FEA") to reach his conclusions. (*Id.*) Finite element analysis is a computer simulation technique used to model the real-world behavior of physical structures. *Cordis Corp. v. Medtronic Ave., Inc.*, 511 F.3d 1157, 1170 (Fed. Cir. 2008.)

On May 25, 2010, Valspar disclosed metallurgist Dr. Richard Lynch as a Fed. R. Civ. P. 26(a)(2)(B) expert. (Pl.'s MIL No. 5 ¶3.) In his July 15, 2010 report, Dr. Lynch opined that contrary to the assertions of Dr. Mostovoy, the crack in the drum was not caused by any preexisting defect and that any defect or crack would not have been obvious to Valspar. (Pl.'s MIL No. 5, Ex. B, Rep. Dr. Richard Lynch.) In the process of evaluating the case, Dr. Lynch contacted engineer Mr. William Marscher to conduct an FEA to simulate stress on the drum. (*Id.* at 4.) Valspar did not disclose Mr. Marscher as an expert. (Pl.'s MIL No. 5 ¶¶ 3, 4 and Ex. A, Defs.' Rule 26(a)(2) Disclosures.) Attached to Dr. Lynch's report, Mr. Marscher's report describes the results of the FEA, and critiques the conclusions of Dr. Mostovoy. (Lynch Rep., App. B, Rep. Mr. William Marscher.[2]) Dr. Lynch's

---

[1] Defendants are collectively referred to herein as "Valspar."

[2] Although Dr. Lynch's report identifies Mr. Marscher's report as an appendix, it was not attached to the copy submitted with the motions. Rather, Mr. Marscher's report was separately submitted as Ex. C to both plaintiff's Motion *in Limine* No. 5 and Motion *in Limine* No. 6.

report quotes Mr. Marscher's report at length and relies on Mr. Marscher's analysis and conclusions. (Lynch Rep. at 4-6, 9.) Noffsinger did not depose either Dr. Lynch or Mr. Marscher. (Def.'s Resp. MIL No. 5 at 3.) [Dkt 311.]

Noffinsinger seeks to strike Mr. Marscher's report and the portions of Dr. Lynch's report that are based on Mr. Marscher's report on the grounds that Mr. Marscher is an untimely disclosed Fed. R. Civ. P. 26(a)(2)(B) expert witness. (Pl.'s MIL No. 5 ¶¶ 7, 9-10; Pl.'s MIL No. 6 ¶¶ 8, 9, 11.)

## DISCUSSION

Noffsinger incorrectly argues that Dr. Lynch cannot rely on another expert's work. (*See* Pl.'s MIL No. 5 ¶ 7.) In a case where one expert's opinion relies on the work of an undisclosed expert, the admissibility of the opinion turns "on the contours" of Fed. R. Evid. 703 rather than Fed. R. Civ. P. 26. *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 646, 653 (N.D. Ill. 2006). Rule 703 rule provides in part:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

In *Dura Automotive Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609 (7th Cir. 2002), the Seventh Circuit addressed the situation in which an expert relied on the work of another expert, holding that an expert "is not permitted to be the mouthpiece of a scientist in a different speciality" because that would not be "responsible science" under Rule 703 and *Daubert*. *Id.* at 613-14.

> A theoretical economist, however able, would not be allowed to testify to the findings of an econometric study conducted by another economist if he lacked expertise in econometrics and the study raised questions that only an econometrician could answer. If it were apparent that the study was not cut and dried, the author would

3

have to testify; he could not hide behind the theoretician.

*Id.* at 614.

Accordingly, the resolution of Noffsinger's motions depends on whether Dr. Lynch is qualified to evaluate Mr. Marscher's FEA analysis. If he is, Dr. Lynch may express opinions that rely on Mr. Marscher's report. If he is not, then the portion of Dr. Lynch's report that is based on Mr. Marscher's report should be struck, and Mr. Marscher's report should be struck as he would be an untimely disclosed expert witness.

Noffsinger does not argue that Dr. Lynch is not qualified to evaluate Mr. Marscher's FEA analysis. Nor does he argue that Mr. Marscher's opinion is unreliable. As Valspar points out, perhaps this is because Noffsinger's expert also relied on an FEA analysis conducted by someone else. (Defs.' Resp. MIL No. 5 at 2.)

Instead, Noffsinger argues that Dr. Lynch cannot rely on Mr. Marscher's opinion-laden report because the report does not constitute "facts or data" as contemplated by Fed. R. Evid. 703. (Pl.'s MIL No. 5 ¶ 7.) Noffsinger's contention is contradicted by the advisory committee notes to Rule 703. As an example of permissible "facts or data," the notes provide a situation where a physician bases her diagnosis on "reports and opinions from nurses, technicians and other doctors." Fed. R. Evid. 703 advisory comm. nn. (1973); *see also Dura Automotive Sys.*, 285 F.3d at 613. Moreover, the advisory committee notes to Fed. R. Evid. 702, citing the notes to Rule 703, provide that the "term 'data' is intended to encompass the reliable opinions of other experts." Fed. R. Evid. 702 advisory comm. nn. (2000). Thus, Noffsinger's argument fails.

## CONCLUSION

Accordingly, this court respectfully recommends that plaintiff's Motion *In Limine* No. 5 to Bar Report of William Marscher, P.E. [dkt 263] and plaintiff's Motion *In Limine* No. 6 to Bar Portion of the July 15, 2010 Disclosure of Richard Lynch, Ph.D Based on Report of William Marscher, P.E. [dkt 265] be denied. Specific written objections to this report and recommendation may be served and filed within 14 business days from the date that this order is served. Fed. R. Civ. P. 72. Failure to file objections with the District Court within the specified time may result in a waiver of the right to appeal all findings, both factual and legal, made by this court in this report and recommendation. *Lorentzen v. Anderson Pest Control,* 64 F.3d 327, 330 (7th Cir. 1995).

_____
Geraldine Soat Brown
United States Magistrate Judge

**DATE:** January 4, 2013